IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TEIQUON LEWIS,

        Petitioner,               No. CIV S 05-1136 GEB PAN P

    vs.

EVANS, Warden,

        Respondent.        FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 1999 conviction on four counts of robbery, one count of attempted robbery, with findings of personal use of a deadly weapon, personal use of a firearm, infliction of great bodily injury, two prior convictions and one prior prison term, and the sentence of 150 years to life in prison imposed thereon under California's Three Strikes Law.

        Petitioner raises several claims in his petition.  His third claim for relief is that his constitutional rights were violated by an illegal search and seizure of evidence.  See Petition for Writ of Habeas Corpus, filed June 8, 2005[1] at 8.)  In the answer filed January 18, 2006, respondent contends this claim is unexhausted.  On February 21, 2006, petitioner filed a

---

[1] This is the date on which the petition was filed in this court following transfer from the United States District Court for the Northern District of California.

1  document styled "Request for Leave to Exhaust State Court Remedies."  The court construes this

2  document as a request for a stay of this action pending exhaustion of state remedies with respect

3  to claim three of the petition.[2]

4      In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court held

5  that a "district court would abuse its discretion if it were to grant . . .  a stay when . . .

6  unexhausted claims are plainly meritless."  Rhines, at 277.  Federal courts are precluded from

7  reviewing on habeas corpus Fourth Amendment claims arising from alleged illegal searches and

8  seizures where the state provides "an opportunity for full and fair litigation" of such claims.

9  Stone v. Powell, 428 U.S. 465, 482, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).  The rule announced

10  in Stone v. Powell precludes this court's consideration of petitioner's third claim for relief.  For

11  that reason, petitioner's request for a stay pending exhaustion of state remedies as to his third

12  claim for relief should be denied.[3]

13      For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's

14  February 21, 2006 request, construed as a request for stay pending exhaustion of state court

15  remedies, be denied.

16      These findings and recommendations are submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

18  days after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

21

22  [2] Petitioner styles his request a request to exhaust state court remedies.  Petitioner does not
need permission from this court to present his claims to the state courts. He also, however, requests
23  permission to exhaust the claim "before dismissing [the claim] for failure to exhaust," (Petitioner's
Request for Leave to Exhaust, filed February 21, 2006, at 1), and the court therefore construes the
24  request as one to stay consideration of the petition pending exhaustion of claim 3.

25  [3] Ordinarily a mixed habeas petition containing both exhausted and unexhausted claims must
be dismissed with leave to amend.  See Rose v. Lundy, 455 U.S. 509 (1982).  However, an
26  unexhausted claim that is plainly without merit may be denied.  See 28 U.S.C. § 2254(b)(2).

1  failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: May 16, 2006.

UNITED STATES MAGISTRATE JUDGE

12
lewi1136.stayfr